UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
JI HAN YOON,                                         :
                                                     :
                        Plaintiff,                   :        **REPORT AND RECOMMENDATION**
                                                     :
          - against -                                :             19 Civ. 2283 (ERK) (VMS)
                                                     :
TOOTHSAVERS DENTAL LABORATORY,                       :
INC., ROBERT F. WINEGARDEN DDS, PC,                  :
and DR. JERRY LYNN,                                  :
                                                     :
                        Defendants.                  :
-------------------------------------------------------- X

**Vera M. Scanlon, United States Magistrate Judge:**

Plaintiff Ji Han Yoon ("Plaintiff") commenced this action against Toothsavers Dental

Laboratory, Inc., Robert F. Winegarden DDS, PC, and Dr. Jerry Lynn (collectively,

"Defendants"), alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201

et seq., New York Labor Law ("NYLL"), N.Y. Lab. L. § 650 et seq., and regulations

promulgated thereunder.

Plaintiff moves for default judgment against Defendants for their failure to answer or

otherwise respond to the complaint filed on April 18, 2019.  Plaintiff seeks a declaration that he

is entitled to default judgment against Defendants, that Defendants violated the FLSA and

NYLL, and that Defendants are liable for $73,159.62 in damages to Plaintiff.  Plaintiff's

attorneys additionally move for an award of attorneys' fees and costs incurred since April 11,

2019.  Plaintiff's motions are before this Court on referral from the Honorable Edward R.

Korman.

For the reasons stated below, this Court respectfully recommends that:

1.  The motion for default judgment and motion for award of attorneys' fees and
    costs be denied without prejudice;

1

2. Plaintiff's action be dismissed without prejudice against Defendant Winegarden and Defendant Lynn; and

3. Plaintiff be given 30 days to renew his motion for default judgment against Defendant Toothsavers if he can resolve the issues identified below.

## I.   BACKGROUND

The facts discussed below are drawn from Plaintiff's complaint unless stated otherwise and are accepted as true as to liability for the purpose of this motion.[1]   The procedural history is drawn from the docket.

### A.   Pertinent Facts

Defendants Toothsavers Dental Laboratory, Inc. ("Defendant Toothsavers") and Robert F. Winegarden DDS, PC ("Defendant Winegarden") are New York corporations engaged in commerce or in the production of goods for commerce, specifically, the operation of a dental office or dental laboratory in Manhattan.  See ECF No. 1 ¶¶ 20-21, 43-46.  At all relevant times, Defendant Jerry Lynn ("Defendant Lynn") was the owner of Defendant Toothsavers and Defendant Winegarden.[2]  See id. ¶ 48.  In this capacity, Defendant Lynn had control over the day-to-day operations of Defendant Toothsavers and Defendant Winegarden, including the

---

[1] This Court questions whether Plaintiff's factual allegations, even accepted as true, are sufficient to warrant finding Defendants liable for violations of the FLSA or NYLL as a matter of law.  In many instances, Plaintiff parrots the statutory language but does not provide supporting facts to establish the elements of the claims made.  For example, Plaintiff does not describe a business that engages in interstate commerce as alleged.  See ECF No. 1 ¶¶ 20-21, 43-46.  As to the failure to comply with wage-and-hour laws, Plaintiff's facts describe that Plaintiff was largely paid above minimum wage and that Plaintiff was paid more than minimum wage plus overtime wage.  See ECF No. 1 ¶¶ 7 & 9.  Notwithstanding the Court's concerns, procedural deficiencies present a barrier to Plaintiff's motion for default judgment.  Should Plaintiff choose to renew his motion, he should examine whether the allegations in the complaint can establish Defendants' liability under certain claims.

[2] According to Plaintiff, Defendant Lynn operated through Defendant Winegarden when he lost his license.  See id. ¶ 20.

authority to (i) hire and fire employees; (ii) supervise and control employee work schedules or conditions of employment; and (iii) determine the rate and method of payment of employees. See id. ¶¶ 22-29.

In 2009, Defendant Lynn hired Plaintiff to work as a dental laboratory technician at Defendant Toothsavers and Defendant Winegarden.  See id. ¶¶ 6, 27.  Plaintiff worked for Defendant Lynn at Defendant Toothsavers and Defendant Winegarden until April 5, 2019.  See id. ¶ 6.  Throughout his employment with Defendants, Plaintiff performed manual labor for Defendants and did not possess any specialized skills to complete his job requirements.  See id. ¶¶ 13-15.  Plaintiff did not have to supply his own tools or equipment in connection with his employment.  See id. ¶ 16.  From 2009 until November 2016, Plaintiff worked from 9 AM to 5 PM, five days per week, and he was paid $150 per day.  See id. ¶ 7.  From November 2016 until November 19, 2018, Plaintiff worked from 9 AM to 5 PM on weekdays and from 8:30 AM to 3 PM on Saturdays.  See id. ¶ 9.  During that time, Plaintiff worked 46.5 hours across six days per week, and he was paid $170 per day.[3]  See id. ¶ 9.  Plaintiff does not allege his work schedule for the period between November 19, 2018 and April 5, 2019, but according to a wage calculation submitted by Plaintiff, Plaintiff alleges he worked approximately 40 hours for five days per week during that period.  See ECF No. 11-2 at 3-4.  During the tenure of Plaintiff's employment, Plaintiff contends that Defendant Lynn failed to pay Plaintiff the prevailing minimum wage.  See ECF No. 1 ¶¶ 53, 75.  Defendant Lynn allegedly never paid Plaintiff overtime wages for hours

---

[3] This Court notes a discrepancy raised by Plaintiff's wage calculation.  See ECF No. 11-2. Based on the hours and wage calculation for the period between November 1, 2016 and at least July 30, 2018, Plaintiff appears to have been paid on a weekly basis at the rate of $1,020.00 per week, regardless of the number of days or hours worked.  See id. at 1-3.

worked in excess of forty hours per week.  See id. ¶¶ 12, 68, 81.  On several occasions between

August 2018 and April 5, 2019, Defendant Lynn did not pay Plaintiff.  See id. ¶¶ 10, 19, 41-42.

### B.   Procedural History

Plaintiff commenced this action against Defendants on April 18, 2019.  See ECF No. 1.

The complaint alleges six causes of action:

(i)      failure to pay minimum wage under the FLSA;

(ii)     failure to pay overtime wages under the FLSA;

(iii)    failure to pay minimum wage under the NYLL;

(iv)    failure to pay overtime wages under the NYLL;

(v)     failure to provide written notice at the time of hiring under the NYLL; and

(vi)    failure to provide detailed pay stubs under the NYLL.

See generally id.  Plaintiff only seeks damages for the period between November 1, 2016 and

April 5, 2019.  See ECF No. 11-1 ¶ 9.  Specifically, Plaintiff seeks damages totaling $73,159.62

consisting of: (i) unpaid wages of $29,303.75; (ii) liquidated damages under NYLL of

$29,303.75; (iii) pre-judgment interest under NYLL of $4,552.12; (iv) penalty for violation of

wage notice requirement under NYLL of $5,000.00; and (v) penalty for violation of pay stub

requirement under NYLL of $5,000.00.  See id.  Plaintiff does not have any documents that

contemporaneously memorialize his hours working for Defendants.  See id. ¶ 7.  Instead,

Plaintiff relies on his present recollection and his history of working a regular schedule.  See id.

¶¶ 5-6, 8.

Plaintiff served Defendants shortly after commencing action and filed the executed

summonses with the Court.  See ECF No. 5.  Defendants failed to answer or otherwise respond

to the complaint.  See ECF No. 10-1, Kim Aff. ¶ 5.  Plaintiff requested and obtained a certificate

of default as to Defendants from the Clerk of Court.  See ECF No. 7.

On July 26, 2019, this Court issued a Status Report Order directing Defendants to "file a

response to the complaint on or before 8/15/2019."  Dkt. Entry 7/26/19.  A copy of the docket

with this Order was mailed to Defendants by this Court.  Id.

That same day, this Court also issued an Order directing Plaintiff to show cause, on or

before August 15, 2019, "why the Court should not dismiss the action for failure to complete

service within 90 days of filing the [C]omplaint as to [Defendant Winegarden] and [Defendant]

Toothsavers."  Dkt. Entry 7/26/19.  The Court noted its concern regarding Plaintiff's service of

complaint and related papers on an employee "authorized to accept service" on behalf of

Defendant Winegarden and Defendant Toothsavers without providing any details for the basis of

that belief.  See id.  On August 15, 2019, Plaintiff filed a letter in response to this Court's Order

to Show Cause.  See ECF No. 9.  In the letter, Plaintiff explained that he attempted to follow up

with the process server regarding the basis of his knowledge that the employee was authorized to

accept service on behalf of Defendants, but the process server had left the process-serving

company.  See id.  In order to rectify the issue, Plaintiff requested an extension of time to serve

to August 2, 2019, so that he might effectuate service of process through the Secretary of State.

See id.  This Court nunc pro tunc extended the deadline to serve to August 2, 2019.  See Dkt.

Entry 8/19/19.  Plaintiff filed an executed summons with the Court showing that Plaintiff served

Defendant Toothsavers through the Secretary of State on August 2, 2019.  See ECF No. 8.

Despite this Court's Order giving Defendants an additional opportunity to participate in

this action, Defendants failed to answer or otherwise respond to the complaint by August 15,

2019.  See Dkt. Entry 7/26/19.  Plaintiff made the instant motion for default judgment.  See ECF

Nos. 10-11.  To date, Defendants have not answered or otherwise responded to the complaint.
See ECF No. 10-1 ¶ 8.

Plaintiff's attorneys also moved for attorneys' fees and costs for the work of various legal
professionals on this case.  See ECF No. 12.  Ryan Kim seeks $9,285.00 in fees for the 18.70
hours he and his staff expended working on the case beginning on April 11, 2019.  See ECF No.
12-1 ¶ 3; ECF No. 12-2 at 1.  Mr. Kim also seeks $800.00 in out-of-pocket costs.  See ECF No.
12 at 3; ECF No. 12-2 at 3.

## II.   DISCUSSION

### A.   Legal Standard On A Motion for Default Judgment

Rule 55 of the Federal Rules of Civil Procedure establishes a two-step procedure by which
a party may obtain a default judgment.  See Bricklayers & Allied Craftworkers Local 2, Albany,
N.Y. Pension Fund v. Moulton Masonry & Const., LLC, 779 F.3d 182, 186 (2d Cir. 2015) (citing
Fed. R. Civ. P. 55); Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95-96 (2d Cir. 1993).  First, if a
party has failed to plead or otherwise defend against an action, the Clerk of Court must enter a
certificate of default by making a notation on the record.  See Fed. R. Civ. P. 55(a).  Second, after
this entry of default, if the defaulting party still fails to appear or move to set aside the default, the
court may enter a default judgment if the complaint is well-pleaded.  See Fed. R. Civ. P. 55(b).
The trial court has "sound discretion" to grant or deny a motion for default judgment.  See Enron
Oil, 10 F.3d at 95.  In light of the Second Circuit's "oft-stated preference for resolving disputes on
the merits," default judgments are "generally disfavored," and doubts should be resolved in favor
of the defaulting party.  Id. at 95-96 (recognizing "the responsibility of the trial court to maintain
a balance between clearing its calendar and affording litigants a reasonable chance to be heard.").
The court must therefore ensure that (1) Plaintiff satisfied all required procedural steps in moving

for default judgment, see Local Civ. R. 55.2; and (2) Plaintiff's allegations, when accepted as true, establish liability as a matter of law, see Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009).

### B.  Service Of The Summons And Complaint

A court may not enter default judgment "unless it has jurisdiction over the person of the party against whom the judgment is sought, which also means that he must have been effectively served with process." U.S. Flour Corp. v. Certified Bakery, Inc., No. 10 Civ. 2522 (JS) (WDW), 2012 WL 728227, at *4 (E.D.N.Y. 2012) (internal quotation marks & citation omitted); cf. DeMartino v. Rivera, 539 N.Y.S.2d 38, 39 (N.Y. App. Div. 2d Dep't 2009) ("It is well settled that where service of process has been improperly effected, any resulting default judgment is a nullity."). Thus, "[e]ven where the Clerk of the Court has entered the defendant's default, [the] court may appropriately review the adequacy of service before entering a default judgment." Trs. of Empire State Carpenters Annuity, Apprenticeship, Labor-Mgmt. Cooperation, Pension & Welfare Funds v. R. Baker & Son All Indus. Servs., Inc., No. 13 Civ. 4590 (JS) (GRB), 2014 WL 6606402, at *2 (Aug. 4, 2014), R&R adopted, 2014 WL 4536911 (E.D.N.Y. Sept. 11, 2014) (internal quotation marks & citations omitted); see Palmieri v. Town of Babylon, 277 Fed. App'x 72, 74 (2d Cir. 2008) ("[I]t was not an abuse of discretion for the district court to resolve against plaintiff the doubts as to whether service on the individual defendants complied with [New York law], and whether service on [defendant] took place at all."). "Among other things, the moving party must demonstrate that entry of default is appropriate, which requires a showing that the nonappearing party was effectively served with process." Sik Gaek, Inc. v. Yogi's II, Inc., 682 Fed. App'x 52, 54 (2d Cir. Mar. 10, 2017). To prove proper service, "the server should disclose enough facts to demonstrate the validity of service." 4B Charles Alan Wright & Arthur

R. Miller, <u>Fed. Prac. & Proc.</u> § 1130 (4th ed. 2019); <u>see</u> Fed. R. Civ. P. 4(*l*)(1).  Although a process server's affidavit is prima facie evidence of proper service, <u>see</u> <u>Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc.</u>, 301 F.3d 54, 57 (2d Cir. 2002), to qualify as satisfactory proof of proper service, the affidavit must disclose essential facts.  <u>See</u> Wright & Miller § 1130 nn.6-7 (identifying date of service, manner of service, place of service, and documents served to be examples of essential facts); <u>Columbia Pictures Indus., Inc. v. Cap King</u>, No. 08 Civ. 4461 (NGG) (RML), 2010 WL 1221457, at *2 (E.D.N.Y. Mar. 29, 2010) (holding that a default judgment was inappropriate where the marshal's return did not specify the documents that the marshals served on the defendants).

This Court finds that service of process on Defendant Toothsavers was properly effectuated.  On the other hand, Plaintiff failed to demonstrate, by affidavits of service, effective service of process of the complaint on Defendant Winegarden and Defendant Lynn.  This Court respectfully recommends that the motion for default judgment be denied as to Defendant Winegarden and Defendant Lynn because of these service deficiencies.

### 1.  Plaintiff Properly Served Defendant Toothsavers With Process

Plaintiff claims it served the summons and complaint on Defendant Toothsavers by delivery to the New York Secretary of State.  Based on the affidavit of service, this Court finds that the service complied with the requirements under New York law.

Pursuant to Rule 4(h)(1)(A), service upon a corporation may be effected in the manner prescribed by Rule 4(e)(1) for serving an individual.  Fed. R. Civ. P. 4(h)(1)(A).  Rule 4(e)(1) provides for service of process in accordance with the service rules of the state where the district court is located or where service is made.  Fed. R. Civ. P. 4(e)(1).  Section 311(a)(1) of the New York Civil Practice Law and Rules ("CPLR") permits personal service upon a corporation in

accordance with section 306 of the Business Corporation Law ("BCL"). N.Y. C.P.L.R.

311(a)(1). Section 306(b)(1) of the BCL in turn provides for service of process on the Secretary

of State as agent of a domestic corporation "by personally delivering to and leaving with the

secretary of state or a deputy, or with any person authorized by the secretary of state to receive

such service, at the office of the department of state in the city of Albany, duplicate copies of

such process together with the statutory fee." N.Y. Bus. Corp. L. § 306(b)(1); see Shanker v.

119 E. 30th Ltd., 881 N.Y.S.2d 98, 99 (N.Y. App. Div. 1st Dep't 2009) ("Jurisdiction [is]

obtained over [the] corporate defendant by service of process on the Secretary of State

irrespective of whether the process ever actually reached defendant.").

Here, Plaintiff served Defendant Toothsavers via New York Secretary of State by

delivering two true copies of the summons, complaint and statutory service fee in the amount of

$40.00 to "Amy Lesch" at 99 Washington Avenue, Albany, New York.[4] See ECF No. 8.

Because Defendant Toothsavers is a domestic corporation, service of process on the Secretary of

State pursuant to BCL Section 306 was proper. Further, the affidavit properly sets forth all

necessary facts to show that the service complied with the BCL Section 306. See N.Y. Bus.

Corp. L. § 306(b)(1); see also Byrnes v. Eltman Law, P.C., No. 18 Civ. 1485 (ADS) (AKT),

2019 WL 4578922, at *4 (Aug. 22, 2019) (finding that service of process via Secretary of State

was valid upon corporate defendant where affidavit of service demonstrated delivery of two

copies of summons and complaint, along with fee of $40.00), R&R adopted, 2019 WL 4575380

---

[4] Plaintiff initially claimed to have served Defendant Toothsavers via an employee authorized to accept service. See ECF No. 5 at 2. Mr. Brodsky's affidavit of service did not state how he knew "Maria Gomez – Employee" to have such authorization. See id. When this Court expressed concern about Mr. Brodsky's affidavit of service, see Dkt. Entry 7/26/2019, Plaintiff made an additional service on Defendant Toothsavers through the Secretary of State. See ECF No. 8.

(E.D.N.Y. Sept. 20, 2019).  Thus, Plaintiff properly served Defendant Toothsavers with process

pursuant to Rule 4(h)(1)(A) and New York law.

### 2.  Plaintiff Failed To Demonstrate Proper Service Of Process On Defendant Winegarden

According to Plaintiff, Defendant Winegarden was served process via an employee

authorized to accept service, but the affidavit of service does not establish the validity of the

service.

Rule 4(h)(1)(B) provides that service upon a corporation may be effected by delivering

copies of the summons and complaint "to an officer, a managing or general agent, or any other

agent authorized by appointment or by law to receive service of process[.]"  Fed. R. Civ. P.

4(h)(1)(B).  CPLR 311(a)(1) provides that service upon a corporation may be made by delivering

copies of the summons and complaint "to an officer, managing or general agent, or cashier or

assistant cashier or to any other agent authorized by appointment or by law to receive service."

N.Y. C.P.L.R. 311(a)(1).  See Fed. R. Civ. P. 4(h)(1)(A) (permitting service upon a corporation

in same manners for service upon an individual); Fed. R. Civ. P. 4(e)(1) (permitting service in

accordance with New York law).

Here, Plaintiff claims to have served Defendant Winegarden by delivering the summons

to "Maria Gomez – Employee" at 57 West 57th Street, New York, NY 10019.[5]  See ECF No. 5 at

---

[5] The address listed with the New York State Secretary of State for Defendant Winegarden is 57 West 57th Street, Suite 610, New York, NY 10019.  See Dep't of State, Div. of Corps., State Records & UCC, Corp. & Bus. Entity Database Searches, https://appext20.dos.ny.gov/corp_public/corpsearch.entity_search_entry (search "Winegarden"; then follow "Robert F. Winegarden, DDS, P.C." hyperlink); J & J Sports Prods., Inc. v. La Parranda Mexicana Bar & Restaurante Co., No. 17 Civ. 4171 (AMD) (SJB), 2018 WL 4378166, at *1 n.3 (E.D.N.Y. Apr. 9, 2018) (citation omitted) ("The Court can and does take judicial notice of information from the New York Secretary of State's website.").

1.  The affidavit of service by John Brodsky states that Ms. Gomez was "designated by law to accept service of process on behalf of Dr. Robert F. Winegarden DDS, PC." Id.  Mr. Brodsky's affidavit does not describe the basis of his knowledge.  See id.  Even after this Court expressed concern about Mr. Brodsky's affidavit of service and required Plaintiff to show cause why the Court should not dismiss the action for failure to serve process, Plaintiff did not address the service deficiency as to Defendant Winegarden.  See Dkt. Entry 7/26/2019; ECF Nos. 8-9. Unlike with Defendant Toothsavers, Plaintiff did not re-serve Defendant Winegarden on or before August 2, 2019.  See ECF Nos. 8-9.  This Court also cannot find on the face of the affidavit any other basis to conclude that service of process was proper through Ms. Gomez. This Court cannot recognize Plaintiff's service on "Maria Gomez – Employee" as proper service because to do so would be to rewrite Federal Rule of Civil Procedure 4(h)(1)(B) and New York Civil Practice Law and Rules Section 311(a)(1) to allow service of process on any person employed by the defendant corporation at the place of business.

An additional issue is apparent on the face of Mr. Brodsky's affidavit of service: it only states that a copy of the summons was delivered to "Maria Gomez – Employee."  See ECF No. 5 at 1.  Rule 4(c)(1) states, "A summons must be served with a copy of the complaint." Fed. R. Civ. P. 4(c)(1); see Baron v. Miami Executive Towers Assocs. Ltd., 142 F.R.D. 394, 397 (S.D.N.Y. 1992) ("[A]ctual receipt of both the summons and the complaint is a base requirement [of Rule 4]."); Macaluso v. N.Y.S. Dep't of Envtl. Conservation, 115 F.R.D. 16, 18 (E.D.N.Y. Dec. 10, 1986) ("Rule 4 establishes as a prerequisite to proper service that the summons and complaint shall be served together.") (internal quotation marks & citation omitted).  Mr. Brodsky failed to state whether he served a copy of the complaint along with the summons.  See ECF No. 5 at 1.  That is, Mr. Brodsky failed to disclose enough facts to show that Rule 4(c)(1) has been

satisfied.  This deficiency on the face of the proof of service is enough to find that Plaintiff failed to effectuate service of process on Defendant Winegarden.

For these reasons, this Court respectfully recommends denying Plaintiff's motion for default judgment against Defendant Winegarden.  Given that Plaintiff failed to timely effectuate valid service of process on Defendant Winegarden (despite having been given additional time to do so), this Court respectfully recommends that Plaintiff's action be dismissed without prejudice as against Defendant Winegarden.

### 3.   Plaintiff Failed To Demonstrate Proper Service Of Process On Defendant Lynn

Plaintiff claims that he served process on Defendant Lynn by leaving a copy of the summons at Defendant Lynn's place of employment with an employee who stated she was authorized to accept service on behalf of Defendant Lynn.  The affidavit of service does not establish valid service upon Defendant Lynn pursuant to either federal or state law.

As an initial matter, federal law does not provide for service upon an individual at a place of employment or business.  See Fed. R. Civ. P. 4(e); Xiaoyan Liu v. Canteen 82 Inc., No. 17 Civ. 7862 (KPF), 2018 WL 6067228, at *9 (S.D.N.Y. Nov. 20, 2018) ("Notably, delivering a copy of the summons and the complaint to an individual defendant's place of business is not a permitted method of service under the Federal Rules.").  Alternatively, pursuant to Rule 4(e)(2)(C), an individual may be served by delivering copies of the summons and complaint "to an agent authorized by appointment or by law to receive service of process."  Fed. R. Civ. P. 4(e)(2)(C); see Prado v. City of New York, No. 12 Civ. 4239 (RJS), 2015 WL 5190427, at *3 (S.D.N.Y. Sept. 3, 2015) ("[A] party must present facts and circumstances showing the proper relationship between the defendant and its alleged agent in fact existed—[i]n absence of actual appointment, service of process is ineffective.") (internal citation & quotation marks omitted);

but see Fashion Page, Ltd. v. Zurich Ins. Co., 406 N.E.2d 747, 751-52 (N.Y. 1980) (holding that service was proper under New York law upon an "agent authorized by appointment" where process server reasonably believed employee's representation that she was authorized to accept service on behalf of individual defendant).

Here, although nothing in the record affirmatively indicates that 57 West 57th Street is Defendant Lynn's actual place of business,[6] Mr. Brodsky's affidavit represents that he effectuated service "at the individuals' place of employment."  ECF No. 5 at 3.  Mr. Brodsky's affidavit further states that "Maria Gomez (employee) . . . stated she was authorized to accept service on behalf of Dr. Jerry Lynn."  Id.  In this instance, Mr. Brodsky's affidavit implies that he made an inquiry of Ms. Gomez and relied on her response to reasonably determine that Ms. Gomez had authority to receive service of process on Defendant Lynn's behalf.  See id.  Given the totality of circumstances, this Court finds no reason to question Mr. Brodsky's affidavit.  See Old Republic Ins., 301 F.3d at 57 (noting that a process server's affidavit is generally prima facie evidence of proper service).

The facts asserted in the affidavit of service, even if accepted as true, are insufficient to meet the requirements of Rule 4.  As noted above with respect to service of process on Defendant Winegarden, Mr. Brodsky's affidavit fails to state whether a copy of the complaint was served along with the summons.  See ECF No. 5 at 3.  Indeed, Mr. Brodsky merely makes reference to leaving a copy of the summons with Ms. Gomez.  See id.  Because service of the summons and complaint together is a prerequisite to proper service, see Macaluso, 115 F.R.D. at 18, this Court cannot accept validity of service of process without proof that Defendant Lynn

---

[6] In the complaint, Plaintiff only alleges that Defendant Lynn is "engaged in the business of Dental Office and Dental Lab," had day-to-day control over Plaintiff's employment, and is the owner of Defendants.  See ECF No. 1 ¶¶ 20-29, 48.

13

was served a copy of the complaint.  As a result, service upon Defendant Lynn was deficient under federal law.

Plaintiff's service fares no better under New York law.  Section 308(2) of the CPLR requires (i) leaving a copy of the summons and complaint with a "person of suitable age and discretion" at the defendant's "actual place of business, dwelling place or usual place of abode"; (ii) mailing within 20 days a copy of the summons and complaint to the defendant's "last known residence or [] actual place of business" by "first class mail . . . in an envelope bearing the legend 'personal and confidential' and not indicating on the outside thereof . . . that the communication is from an attorney"; and (iii) filing proof of such service with the clerk of the Court within 20 days of either delivery or mailing, whichever occurs later.  N.Y. C.P.L.R. § 308(2); see McCray v. Petrini, 622 N.Y.S.2d 815, 816 (N.Y. App. Div. 2d Dep't 1995) ("[I]t is well-established that CPLR 308(2) requires strict compliance."); Miss Jones, LLC v. Viera, No. 18 Civ. 1398 (NGG) (SJB), 2019 WL 926670, at *4 (Feb. 5, 2019) (finding that Clerk's default against defendant must be vacated where plaintiff served defendant under § 308(2) but failed to timely file proof of service), R&R adopted, 2019 WL 955279 (E.D.N.Y. Feb. 26, 2019); Roesch v. Sullivan, No. 15 Civ. 247, 2016 WL 11484171, at *7 (Aug. 31, 2016) ("Service pursuant to Section 308(2) is insufficient unless both the delivery and the mailing take place as required by the statute."), R&R adopted, 2016 WL 4573991 (S.D.N.Y. Aug. 31, 2016).

Aside from Plaintiff's failure to prove that Defendant Lynn was served with a copy of the complaint, the affidavit of service fails to state any other essential fact to show that the requirements of Section 308 of the New York CPLR were satisfied.  See ECF No. 5 at 3.  As an example, Mr. Brodsky does not state whether he effectuated a follow-up mailing to Defendant

Lynn, or whether Ms. Gomez is a person of suitable age and discretion.  Thus, service upon Defendant Lynn was deficient under New York law.

For these reasons, this Court respectfully recommends denying Plaintiff's motion for default judgment against Defendant Lynn.  Given that Plaintiff failed to timely effectuate valid service of process on Defendant Lynn (despite having been given additional time to do so), this Court respectfully recommends that Plaintiff's action be dismissed without prejudice as against Defendant Lynn.

**C.    Compliance With Local Civil Rules**

"Where the movant is represented by counsel . . . a motion for default judgment will not be granted unless the party making that motion adheres to certain local and individual rules." Bhagwat v. Queens Carpet Mall, Inc., 14 Civ. 5474 (ENV) (PK), 2015 WL 13738456, at *1 (E.D.N.Y. Nov. 24, 2015).  Failure to comply with Local Rule 55.2 warrants denial of the motion for default judgment.  See Allstate Ins. Co. v. Abramov, No. 16 Civ. 1465 (AMD) (SJB), 2019 WL 1177854, at *3 (Feb. 21, 2019), R&R adopted, 2019 WL 1172381 (E.D.N.Y. Mar. 13, 2019).  Separate and apart from the issues with service of process discussed above, Plaintiff's failure to comply with the requirements under Local Civil Rules 55.2(b) and 55.2(c) warrants denial of the motion for default judgment in its entirety.

**1.    Plaintiff Failed To File Necessary Papers In Support Of The Motion For Default Judgment**

In support of the motion for default judgment, Plaintiff did not file the documents required by Local Civil Rule 55.2(b).  On this basis, the motion for default judgment should be denied.

Local Civil Rule 55.2(b) of the United States District Courts for the Southern and Eastern Districts of New York requires that a party seeking default judgment "append to the application

15

(1) the Clerk's certificate of default, (2) a copy of the claim to which no response has been made, and (3) a proposed form of default judgment." Local Civ. R. 55.2(b).  See, e.g., Lynam v. Behr, No. 05 Civ. 2126 (SJF) (MLO), 2006 WL 8439612, at *2 (E.D.N.Y. Jul. 6, 2006) (denying motion for default judgment for failure to comply with Local Civil Rule 55.2(b)); Candelaria v. Erickson, No. 01 Civ. 8594 (LTS) (RLE), 2005 WL 1529566, at *14 (S.D.N.Y. June 28, 2005) (same).  "The fact that some of these items may be found electronically, scattered on the docket, does not absolve a movant[] of the obligation to collect and append copies to the moving papers." Bhagwat, 2015 WL 13738456, at *1 (denying plaintiff's motion for default judgment without prejudice where plaintiff failed to comply with Local Civil Rule 55.2(b)).

Here, Plaintiff's submission in support of motion for default judgment does not include a copy of the Clerk's certificate of default, a copy of the complaint, or a proposed form of default judgment.  See ECF No. 11 and attachments.  Plaintiff only filed: (i) notice of motion; (ii) affirmation of counsel, Ryan Kim, in support of motion for default judgment; (iii) affirmation of service; (iv) memorandum in support of Plaintiff's claim for damages; (iv) affidavit of Plaintiff in support of claim for damages; and (v) a demonstrative exhibit for Plaintiff's claim for damages.  See generally ECF No. 11 and attachments.  It is not enough that the complaint or Clerk's certificate of default can be found interspersed throughout the docket.  See ECF Nos. 1 and 7.  Because Plaintiff failed to comply with the requirements of Local Civil Rule 55.2(b), this Court respectfully recommends that Plaintiff's motion for default judgment be denied.

## 2. Plaintiff Failed to Demonstrate Compliance With Mailing Requirements Under Local Civil Rule 55.2(c)

Plaintiff's affirmation of service pursuant to Local Civil Rule 55.2(c) fails to demonstrate compliance with the requirements under the rule.  This failure similarly warrants denial of the motion for default judgment.

Local Rule 55.2(c) requires that "all papers submitted to the Court pursuant to Local Civil Rule [55.2(b)] shall simultaneously be mailed to the party against whom a default judgment is sought at the last known residence of such party (if an individual) or the last known business address of such party (if a person other than an individual).  Proof of such mailing shall be filed with the Court."  Local Civ. R. 55.2(c).  Service of the motion on non-appearing defendants is of particular importance because "mailing notice of such an application is conducive to both fairness and efficiency[.]"  Committee Note, Local Civ. R. 55.2; see Transatlantic Auto Grp., Inc. v. Unitrans-PRA Co., No. 08 Civ. 5070 (DLI) (CLP), 2011 WL 4543877, at *20 (Sept. 9, 2011) (noting the Local Rules relating to default provide more protection for non-appearing defendants than the Federal Rules of Civil Procedure to promote fairness and efficiency), R&R adopted, 2011 WL 4543838 (E.D.N.Y. Sept. 29, 2011).

Here, neither counsel's affirmation nor the record establishes that a copy of the Clerk's certificate of default, a copy of the complaint, or a proposed form of default judgment were mailed to Defendants.  See ECF No. 10-2.  Mr. Kim's affirmation of service indicates that Defendants were only served copies of the "Motion for Default Judgment" and "Affirmation in Support of Motion for Default Judgment" at 57 West 57th Street, New York, New York by first class mail.  See ECF No. 10-2.  As noted above, Plaintiff failed to file the papers required under Local Civil Rule 55.2(b) as part of his motion for default judgment.  Plaintiff's mailing fell short of meeting the requirements of Local Rule 55.2(c).

Plaintiff's mailing to Defendant Lynn does not comply with Local Rule 55.2(c) for another reason.  Generally, courts look to the pleading or motion papers to determine whether plaintiff properly mailed its default judgment papers in accordance with Local Rule 55.2(c).  See, e.g., Allstate Ins., 2019 WL 1177854, at *3 (looking to the amended complaint to determine that

17

address for mailing was improper); <u>Feng Lin v. Quality Woods, Inc.</u>, No. 17 Civ. 3043 (DLI) (SJB), 2019 WL 1450746, at *7 (E.D.N.Y. Jan. 28, 2019) (looking to memorandum of law submitted with the motion to determine that address for mailing was improper).  Although this Court could take judicial notice that 57 West 57th Street is the last known business address of Defendant Toothsavers and Defendant Winegarden,[7] the record does not suggest that 57 West 57th Street is the last known residence of Defendant Lynn.  To the contrary, through Mr. Brodsky's affidavit of service of the summons, Plaintiff has already represented to the Court that 57 West 57th Street is "the individuals' place of employment."  ECF No. 5 at 3.  It is insufficient that Defendant Lynn was served at his place of employment.

Due to Plaintiff's failure to comply with Local Civil Rule 55.2(c), this Court respectfully recommends denying the motion for default judgment.

### 3.   Plaintiff Failed To Submit A Valid Affidavit Required By The Servicemembers Civil Relief Act

Plaintiff's submission in support of motion for default judgment does not include a declaration certifying that Defendant Lynn is not in military service.  This omission is fatal to Plaintiff's motion for default judgment against Defendant Lynn.

The Servicemembers Civil Relief Act (the "Act") requires a plaintiff seeking default judgment to "file with the court an affidavit stating whether or not the defendant is in military service and showing necessary facts to support the affidavit."  50 U.S.C. § 3931(A); <u>see</u> <u>Bhagwat</u>, 2015 WL 13738456, at *1 (denying motion for default judgment where plaintiff, among other things, failed to include in their motion papers a certification that the individual

---

[7] <u>See</u> <u>supra</u> n. 5. The address listed for Defendant Toothsavers is 57 West 57th Street, New York, NY 10019.  <u>See</u> Dep't of State, Div. of Corps., State Records & UCC, <u>Corp. & Bus. Entity Database Searches</u>, https://appext20.dos.ny.gov/corp_public/corpsearch.entity_search_entry (search "Toothsavers"; then follow "Toothsavers Dental Laboratory, Inc." hyperlink).

defendant is not a servicemember); Uribe v. Nieves, No. 17 Civ. 5155 (RRM) (RER), 2018 WL 4861377, at *1-2 (E.D.N.Y. Sept. 26, 2018) (noting that the affidavit may not be based on conclusory statements).  "The non-military affidavit must be based not only on an investigation conducted after the commencement of an action or proceeding but also after a default in appearance by the party against whom the default judgement is to be entered."  Pruco Life Ins. Co. of N.J. v. Estate of Locker, No. 12 Civ. 882 (ENV) (RML), 2012 WL 3062754, at *1 (E.D.N.Y. July 23, 2012) (internal citations omitted).

Here, Plaintiff does not represent that Defendant Lynn was not a servicemember at the time he defaulted in this action.  See Pruco Life Ins., 2012 WL 3062754, at *1 ("The non-military affidavit must be based not only on an investigation conducted after the commencement of an action or proceeding but also after a default in appearance by the party against whom the default judgement is to be entered.") (internal citations omitted).  Without an affidavit in compliance with the Act, the court is required to deny the motion.  See Uribe, 2018 WL 4861377, at *1 ("The court lacks the power to excuse compliance with the statute.") (internal citation omitted).

Therefore, this Court respectfully recommends that Plaintiff's motion for default judgment against Defendant Lynn be denied for this independent basis.

### D.   Plaintiff's Motion For Attorneys' Fees And Costs

Plaintiff seeks an award of attorneys' fees in the amount of $9,285.00 and costs in the amount of $800.00.  See generally ECF No. 12 and attachments.  Under the FLSA and NYLL, only a prevailing plaintiff is entitled to an award of "reasonable" attorneys' fees and costs.  See 29 U.S.C. § 216(b); N.Y. Lab. Law § 633(1); Barfield v. N.Y.C. Health & Hosp. Corp., 537 F.3d 132, 151 (2d Cir. 2008) ("In addition to providing for liquidated damages, the FLSA directs

courts to award prevailing plaintiffs reasonable attorney's fees and costs."); <u>Kahlil v. Original</u> <u>Old Homestead Rest., Inc.</u>, 657 F. Supp. 2d 470, 473 (S.D.N.Y. 2009) ("In an action pursuant to the FLSA, a 'prevailing party' must be awarded reasonable attorneys' fees and costs . . . . Likewise, the NYLL requires that '[i]n any action . . . in which the employee prevails, the court shall allow such employee reasonable attorney's fees . . . .'") (internal citations omitted).

As discussed above, Plaintiff failed to show entitlement to default judgment against Defendants.  Thus, Plaintiff is not a prevailing party under the FLSA or NYLL.  For this reason, this Court respectfully recommends that Plaintiff's motion for attorneys' fees and costs be denied without prejudice to renew.

## III.  CONCLUSION

Due to the procedural deficiencies discussed above, it is respectfully recommended that the motion for default judgment be denied without prejudice, the motion for attorneys' fees and costs be denied without prejudice, and the action against Defendants Winegarden and Lynn be dismissed without prejudice.  This Court further recommends that Plaintiff be given 30 days to renew the motion for default judgment against Defendant Toothsavers if he can address all the issues discussed above.

## IV.  OBJECTIONS

A copy of this report and recommendation is being provided to Plaintiff's counsel via ECF.  The Court will mail a copy of this report and recommendation to Defendants as follows: Toothsavers Dental Laboratory, Inc. at c/o Rivkin, Radler, Bayh, Hart & Kremer, Attn: Catherine A. Mullarkey, EAB Plaza, Uniondale, New York 11566-0111; Robert F. Winegarden DDS, P.C. at 57 West 57th Street, Suite 610, New York, New York 10019; and Jerry Lynn at 521 Park Avenue, Unit 3A/3B, New York, New York 10021.

Any written objections to this report and recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this report.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72(b).  Any requests for an extension of time for filing objections must be directed to the District Judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections.  Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or the Court of Appeals. See Thomas v. Arn, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate [judge]'s report operates as a waiver of any further judicial review of the magistrate [judge]'s decision.").

Dated: Brooklyn, New York
       June 22, 2020

_____*Vera M. Scanlon*_____
VERA M. SCANLON
United States Magistrate Judge